ARDC # 6281389

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES GOSLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:15-cv-11824 |
| v. ) | |
| ) | |
| JOHN DAVID STOW, individually and as an ) | |
| agent of WEBB PALLET SERVICE ) | |
| CORPORATION, a/k/a SHOWTIME ) | |
| SPECIALIZED TRANSPORT, INC., a ) | |
| Minnesota Corporation and WEBB PALLET ) | |
| SERVICE CORPORATION, a/k/a ) | |
| SHOWTIME SPECIALIZED TRANSPORT, ) | |
| INC., a Minnesota Corporation, ) | |

Defendants.

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JAMES GOSLING, by and through his attorneys, FIORENTINO LAW OFFICES, and for his Complaint, against Defendants, JOHN DAVID STOW and WEBB PALLET SERVICE CORPORATION, a/k/a, SHOWTIME SPECIALIZED TRANSPORT, INC., (herein after referred to as "WEBB PALLET"), states as follows:

## PARTIES

1. At all relevant times, Plaintiff, JAMES GOSLING, was and is an individual residing in the state of Illinois.

2. Defendant, WEBB PALLET was and is a corporation with its principal place of business in Minnesota.

3. Defendant, JOHN DAVID STOW was and is an individual residing in the state of North Dakota.

**JURISDICTION**

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. This Court has jurisdiction under 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

**COUNT I – NEGLIGENCE**
**John David Stow, Individually and as Agent of Webb Pallet**

6. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 5 above with the same force and effect as if herein set forth.

7. That on or about May 29, 2014, Plaintiff, JAMES GOSLING, was in the use, possession, operation, and control of a certain motor vehicle being operated in a generally southbound direction on U.S. Highway 53 at or near its intersection with River Prairie Drive in the County of Eau Claire, City of Altoona, and the State of Wisconsin.

8. That on or about May 29, 2014, Defendant, JOHN DAVID STOW, was in the use, possession, operation, and control of a certain motor vehicle being operated in a generally southbound direction on U.S. Highway 53 at or near its intersection with River Prairie Drive in the County of Eau Claire, City of Altoona, and the State of Wisconsin.

9. That on the aforementioned date, Defendant, JOHN DAVID STOW, was an agent and/or employee of the Defendant, WEBB PALLET, and was acting within the scope and course of said agency and/or employment.

10. It was then and there the duty of the Defendant, JOHN DAVID STOW, to exercise all due care and caution and in the operation and control of the aforesaid motor vehicle so as to avoid injury to the persons and vehicles in and upon said highway, and especially to the Plaintiff herein.

11. That on the aforementioned date, the Defendant, JOHN DAVID STOW, notwithstanding the aforesaid duty, operated the aforesaid vehicle in a manner such that it collided with the vehicle being operated by the Plaintiff, JAMES GOSLING.

12. That on the aforementioned date, the Defendant, JOHN DAVID STOW, then and there was guilty of one or more of the following careless, negligent and improper acts and/or omissions:

   a. Negligently and carelessly operated his motor vehicle without due regard for other vehicles rightfully and lawfully along the way;

   b. Drove said automobile without keeping a reasonable and proper lookout ahead for the persons and the vehicles in and upon said public highway;

   c. Operated and drove said vehicle at a speed greater than that which was reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of the Plaintiff;

   d. Negligently and carelessly operated his motor vehicle without sufficient control for conditions prevailing along said street;

   e. Negligently and carelessly operated his motor vehicle while engaged or occupied with an activity, other than driving the vehicles in violation of the provisions of Wis. Stat. § 346.89(1).

13. That as a direct and proximate result of one or more of the foregoing acts of the Defendant, the Plaintiff, JAMES GOSLING, was injured internally and externally both temporarily and permanently; as a result of said injuries, the Plaintiff suffered and will continue to suffer great pain and mental anguish and has been and will continue to be prevented from attending his normal affairs of life and will be caused to expend and become liable for large sums of money for the treatment of said injuries.

WHEREFORE, the Plaintiff, JAMES GOSLING, prays for judgment against the Defendant, JOHN DAVID STOW, in a in a sum of money in excess of the jurisdictional amount of Seventy-

3

Five Thousand Dollars ($ 75,000.00) plus his costs of this action and any other such other relief to be deemed just and equitable.

## COUNT II – RESPONDEAT SUPERIOR
### Webb Pallet

14. Plaintiff repeats and re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 13 above with the same force and effect as if herein set forth.

15. On or about May 29, 2014, and at the time of the collision with Plaintiff as heretofore described, Defendant, JOHN DAVID STOW, was acting within the scope of his agency and/or employment with Defendant WEBB PALLET.

16. On or about May 29, 2014, and at the time of the collision with Plaintiff as heretofore described, Defendant, JOHN DAVID STOW, purpose of travel was for the benefit of Defendant, WEBB PALLET, and related to his agency and/or employment with Defendant, WEBB PALLET.

17. At said time and place, and at the time of the collision with Plaintiff as heretofore described, the Defendant, JOHN DAVID STOW, was the permissive driver of the vehicle that was owned by Defendant, WEBB PALLET.

18. As a direct and proximate result of one or more of these aforesaid negligent acts or omissions, the Defendant's vehicle collided with the Plaintiff's vehicle, whereby the Plaintiff was injured internally and externally both temporarily and permanently; as a result of said injuries, the Plaintiff suffered and will continue to suffer great pain and mental anguish and has been and will continue to be prevented from attending his normal affairs of life and will be caused to expend and become liable for large sums of money for the treatment of said injuries.

WHEREFORE, the Plaintiff, JAMES GOSLING, prays for judgment against the Defendant, WEBB PALLET, in a sum of money in excess of the jurisdictional amount of Seventy-Five

Thousand Dollars ($ 75,000.00) plus his costs of this action and any other such other relief to be deemed just and equitable.

               Respectfully submitted,
               FIORENTINO LAW OFFICES

               /s/ Michael Fiorentino

Michael S. Fiorentino, Esq.
Samantha L. Israel, Esq.
FIORENTINO LAW OFFICES
120 N. LaSalle Street, Suite 1420
Chicago, Illinois 60602
P: 312/853-0050
F: 312/853-3254
michael@fiornetinolaw.net